UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| ROBERT W JOHNSON,<br><br>         Plaintiff,<br><br>    vs.<br><br>WENDYS RESTAURANT,<br><br>         Defendant. | CIV. NO. 24-00398 LEK-RT |

**ORDER DISMISSING, WITHOUT LEAVE TO AMEND, PLAINTIFF'S COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DENYING AS MOOT PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS**

On September 16, 2024, pro se Plaintiff Robert W. Johnson ("Johnson") filed a Complaint for Violation of Civil Rights ("Complaint") and an Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"). [Dkt. nos. 1,[1] 2.] For the reasons set forth below, the Complaint is hereby dismissed based on improper venue. The dismissal is without leave to amend in the instant case, but without prejudice to the pursuit of Johnson's claim in the appropriate

---

[1] The Complaint includes the name and contact information for an attorney, Willie Johnson, Esq., but there is no signature. See Complaint at § VI.B. The signature line merely contains the typewritten name "Willie Johnson Esq." Even if that was intended to be an electronic signature, there is no attorney named Willie Johnson authorized to practice in this district. Johnson is therefore assumed to be representing himself pro se.

court. In light of these rulings, Johnson's Application is denied as moot.

## STANDARD

"Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates he is unable to pay." Smallwood v. Fed. Bureau of Investigation, CV. NO. 16-00505 DKW-KJM, 2016 WL 4974948, at *1 (D. Hawai`i Sept. 16, 2016) (citing 28 U.S.C. § 1915(a)(1)).

> The Court subjects each civil action commenced pursuant to Section 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails to state a claim);[2] Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

Id. at *3.

In addition, the following standards apply in the screening analysis:

> Plaintiff is appearing pro se; consequently, the court liberally construes her pleadings. Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir.

---

[2] Lopez has been overruled, in part, on other grounds by Peralta v. Dillard, 744 F.3d 1076 (9th Cir. 2014) (en banc).

>  1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam))). The court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th. [sic] Cir. 2000).
>
>  Despite the liberal pro se pleading standard, the court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on its own motion. See Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under [Rule] 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."); see also Baker v. Dir., U.S. Parole Comm'n, 916 F.2d 725, 727 (D.C. Cir. 1990) (holding that district court may dismiss cases *sua sponte* pursuant to Rule 12(b)(6) without notice where plaintiff could not prevail on complaint as alleged). . . . "Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." United States v. Marks, 530 F.3d 799, 810 (9th Cir. 2008) (quoting Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994)). The assumption is that the district court lacks jurisdiction. See Kokkonen, 511 U.S. at 377. Accordingly, a "party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996).

Flores v. Trump, CIVIL 16-00652 LEK-RLP, 2017 WL 125698, at *1 (D. Hawai`i Jan. 12, 2017) (some alterations in Flores) (some citations omitted).

3

**DISCUSSION**

Johnson alleges that, on September 6, 2024, he was assaulted while he was working at a Wendy's Restaurant in Syracuse, New York, and Johnson also alleges he was illegally terminated by his manager. [Complaint at §§ III.A-C.] "Wendys Restaurant" ("Defendant") is the only defendant named in the Complaint. See id. at § I.B. Johnson brings this action pursuant to Title 42 United States Code Section 1983, and he alleges Defendant discriminated against him, violated his civil rights, including his right to due process. See id. at §§ II.A, B.

The address that Johnson provided for himself is in Syracuse, New York, and he asserts Defendant's corporate office is also in Syracuse, New York. See id. at §§ I.A, B.

## I. Actions in Other Districts

Johnson has filed numerous actions in other United States District Courts around the country that are virtually identical to the instant case. For example, Johnson filed a Complaint for Violation of Civil Rights in Johnson v. Wendys Restaurant LLC, Case No. 2:24-cv-07918 FMO-BFM (C.D. Cal.), on September 16, 2024 ("California Complaint" and "California Action"). [California Action, dkt. no. 1.] The California Complaint appears to be identical to the Complaint filed in the instant case, except for a variation in Defendant's name and the fact that the California Complaint is purportedly signed by an

4

attorney. See id. at § VI.B. On September, 27, 2024, the California Action was transferred to the United States District Court for the Northern District of New York, the district which encompasses Syracuse, New York. See California Action, Order Transferring Action to the United States District Court for the Northern District of New York, filed 9/27/24 (dkt. no. 7).

Johnson is subject to a Pre-Filing Order in the Northern District of New York. See In re Johnson, Case No. 5:22-PF-0003 (GTS), 2022 WL 1597718, at *2 (N.D.N.Y. May 19, 2022). Therefore, the California Action is docketed as a proposed complaint in In re Johnson, Case No. 5:22-PF-0003 (GTS) (N.D.N.Y.) ("New York Proceeding"). See New York Proceeding, dkt. no. 62. On October 25, 2024, the district court in the New York Proceeding issued an order noting that, as to the California Complaint and other complaints transferred to the Northern District of New York, Johnson must file an application that complies with the procedures set forth in the Pre-Filing Order for each complaint. See New York Proceeding, dkt. no. 76. Relevant to the instant case, Johnson was warned that, if he fails to file an application by November 8, 2024, he will be denied leave to proceed as to the California Complaint. See id.

## II. Venue

"Venue in federal courts is governed by statute." Spagnolo v. Clark Cnty., CIVIL NO. 15-00093 DKW-BMK, 2015 WL

7566672, at *2 (D. Hawai`i Nov. 24, 2015) (citing Leroy v. Great Western United Corp., 443 U.S. 173, 181 (1979)).[3] Title 28 United States Code Section 1391(b) states:

> A civil action may be brought in –
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

"The plaintiff has the burden of showing that venue is proper in this district." Spagnolo, 2015 WL 7566672, at *2 (citing Piedmont Label Co. v. Sun Garden Packing Co., 598 F.2d 491, 496 (9th Cir. 1979)).

Based on the allegations of the Complaint, subsections (b)(1) and (b)(2) do not apply in this case. Further, subsection (b)(3) does not apply because there is a district in which Johnson's claim can be brought - the Northern District of New York, provided that Johnson complies with the Pre-Filing

---

[3] Leroy addressed an older version of 28 U.S.C. § 1391(b). See 443 U.S. at 179.

6

Order. This Court therefore concludes that Johnson's Complaint does not plead a sufficient basis for venue in the District of Hawai`i.

When this Court determines that a case has been filed in an improper venue, this Court should either "dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." See 28 U.S.C. § 1406(a). "A court should examine a plaintiff's claim to determine whether the interests of justice require transfer instead of dismissal." Rosiere v. United States, CIVIL NO. 16-00260 HG-RLP, 2016 WL 3408848, at *2 (D. Hawai`i June 1, 2016) (citing King v. Russell, 963 F.2d 1301, 1305 (9th Cir. 1992)).[4] Although this Court acknowledges that a pro se plaintiff is generally entitled to notice of the defects in his complaint and the opportunity to amend, see Lucas, 66 F.3d at 248, this Court concludes that dismissal without leave to amend is appropriate in this case because the California Complaint, which is virtually identical to the Complaint in the instant case, is currently pending Johnson's compliance with the Pre-Filing Order in the New York Proceeding. Moreover, the Northern District of New York is a proper venue for this action because it is the

---

[4] In Rosiere, the magistrate judge's report and recommendation was adopted, as modified on other grounds, by the district judge. 2016 WL 3440566 (June 20, 2016).

district in which the events at issue in this case occurred. See § 1391(b)(2); see also Complaint at § III.A, III.C.

Johnson's Complaint is therefore dismissed based on improper venue. The dismissal is without leave to amend in the instant case, but without prejudice to the litigation of Johnson's claim in the Northern District of New York.

Because the Complaint has been dismissed without leave to amend, it is not necessary to rule on the Application. The Application is therefore denied as moot.

## CONCLUSION

On the basis of the foregoing, Johnson's Complaint for Violation of Civil Rights, filed September 16, 2024, is HEREBY DISMISSED. The dismissal is WITHOUT LEAVE TO AMEND in the instant case. In light of the dismissal, Johnson's Application to Proceed in District Court Without Prepaying Fees or Costs, filed September 16, 2024, is DENIED AS MOOT.

The Clerk's Office is DIRECTED to close the case on **November 18, 2024.**

IT IS SO ORDERED.

Case 1:24-cv-00398-LEK-RT   Document 4   Filed 11/01/24   Page 9 of 9 PageID.21

DATED AT HONOLULU, HAWAII, November 1, 2024.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
Senior U.S. District Judge

**ROBERT W. JOHNSON VS. WENDYS RESTAURANT**; CV 24-00398 LEK-RT; ORDER DISMISSING, WITHOUT LEAVE TO AMEND, PLAINTIFF'S COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DENYING AS MOOT PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS